UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELVIN HERNANDEZ ROMAN; et al., | No. 20-55436 |
| Petitioners-Appellees, | D.C. No. 5:20-cv-00768-TJH-PVC Central District of California, Riverside |
| v. | |
| CHAD F. WOLF, Secretary, U.S. Department of Homeland Security; et al., | ORDER |
| Respondents-Appellants. | |

Before: SILVERMAN, NGUYEN, and COLLINS, Circuit Judges.

Appellants' Emergency Motion for Stay Pending Appeal (Docket No. 7) is granted in part and denied in part. The district court's preliminary injunction is stayed, except as follows: to the extent that paragraph 13 of the preliminary injunction requires substantial compliance with guidelines issued by the Centers for Disease Control and Prevention (CDC) for correctional and detention facilities to follow in managing COVID-19, *see* Ctrs. for Disease Control & Prevention, *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf, the motion for stay is denied. To the extent that paragraph 13 imposes obligations beyond that exception, it is also stayed.

The motion of Nikolas Bowie and others to file a brief amicus curiae in opposition to the motion to stay (Docket No. 12) is granted.

The previously established briefing schedule continues to apply to this appeal.

This appeal shall be expedited and assigned to the next available panel upon completion of briefing.

20-55436

COLLINS, Circuit Judge, concurring in part and dissenting in part:

I concur in the order insofar as it grants the motion for a stay, but I would stay the district court's preliminary injunction in its entirety. While I am sympathetic to the majority's decision to leave the injunction in place insofar as it requires substantial compliance with the CDC's guidelines for detention facilities concerning COVID-19, *cf. Valentine v. Collier*, ___ F.3d ___, 2020 WL 1934431, at *2 (5th Cir. Apr. 22, 2020) (staying injunction that required specific measures that "go[] even further than CDC guidelines"), I have substantial doubt that the district court properly incorporated those guidelines into its preliminary injunction order, and a stay of that obligation is warranted as well. Even setting aside the district court's apparent premise that the CDC guidelines establish a constitutional floor, I note that the guidelines themselves state, in boldface type on the very first page, that "[t]he guidance may need to be adapted based on individual facilities' physical space, staffing, population, operations, and other resources and conditions." *See* Ctrs. for Disease Control & Prevention, *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf. That makes them a poor candidate for incorporation into an injunction, *see* FED. R. CIV. P. 65(d) (injunction must "state its terms specifically" and "describe in reasonable detail—and not by

referring to the complaint or other document—the act or acts restrained or required"), and that is especially true where (as here) one of the many problems with the district court's injunction is that it disregards the very sort of considerations that the CDC says may require adaption of the guidelines in the context of a particular facility.