FILED

UNITED STATES COURT OF APPEALS

JUL 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELVIN HERNANDEZ ROMAN; BEATRIZ ANDREA FORERO CHAVEZ; MIGUEL AGUILAR ESTRADA, on behalf of themselves and all others similarly situated,<br><br>Petitioners-Appellees,<br><br>v.<br><br>CHAD F. WOLF, Secretary, U.S. Department of Homeland Security; MATTHEW T. ALBENCE, Deputy Director and Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; DAVID MARIN, Director of the Los Angeles Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; JAMES JANECKA, Warden, Adelanto ICE Processing Center,<br><br>Respondents-Appellants. | No.   20-55436<br>        20-55662<br><br>D.C. No.<br>5:20-cv-00768-TJH-PVC<br>Central District of California, Riverside<br><br><br>ORDER |

Before:  THOMAS, Chief Judge, SCHROEDER and CALLAHAN, Circuit Judges.

The government's motion (Docket Entry No. 2 in 20-55662) to stay the

district court's  June 17, 2020 and June 19, 2020 orders pending appeal is denied.

*See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). The factors for consideration are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434.

Here, the district court entered case processing orders that allowed individualized bail determinations of immigration detainees who sought release because of exposure to and risk of contracting COVID-19. The orders are consistent with the proceedings utilized by other district courts. *See, e.g., Zepeda Rivas v. Jennings*, No. 20-cv-02731-VC, 2020 WL 2059848, at *3 (N.D. Cal. Apr. 29, 2020); *Savino v. Souza*, No. 1:20-10617-WGY, 2020 WL 1703844, at *8-*9 (D. Mass. Apr. 8, 2020)); *see also Yanes v. Martin*, No. 1:20-cv-00216-MSM, Order, ECF No. 59, at 14 (D.R.I. June 2, 2020); *Gomes v. Acting Sec'y, U.S. Dep't of Homeland Sec.*, No. 20-cv-453-LM, 2020 WL 2113642, at *1 (D.N.H. May 4, 2020); *Avendaño Hernandez v. Decker*, No. 20-cv-1589, 2020 WL 1547459, at *2-*4 (S.D.N.Y. Mar. 31, 2020); *Coronel v. Decker*, No. 20-cv-2472-AJN, 2020 WL 1487274 (S.D.N.Y. Mar. 27, 2020); *Calderon Jimenez v. Wolf*, No. 18-cv-10225-MLW, ECF No. 507-1, at 6 (D. Mass. Mar. 26, 2020).

The orders are also distinct from the April 23, 2020 preliminary injunction (the "Preliminary Injunction") and have different goals. They do not modify the Preliminary Injunction, nor do they interfere with the stay we issued as to the Preliminary Injunction. The Preliminary Injunction addressed the overall conditions at the Adelanto detention center in a comprehensive way, whereas the implementation of a bail process would primarily consider the risk posed by continued detention to individual detainees.

As to the *Nken* factors, the government is not likely to succeed in this appeal because the district court has not granted relief in any individual case, but has set forth the schedule for considering individual cases on their own merits. The government is not likely to be injured by the denial of a stay because it can contest and seek appellate review of any individualized determinations. On the other hand, any individual who is at risk of severe illness or death would be deprived of the opportunity to seek meaningful relief if they were to contract COVID-19 while detained. As to the public interest, while mass release might pose public interest concerns, individualized determinations of whether release is appropriate do not. Thus, applying the *Nken* factors, the balance tips against the government.

Because the issues in this appeal are related to the prior Preliminary Injunction appeal, we sua sponte consolidate Appeal Nos. 20-55436 and 20-55662.

The court also sua sponte expedites the briefing and hearing of these consolidated appeals. The opening brief and the answering brief have been filed in 20-55436. The optional reply brief in 20-55436 remains due July 10, 2020. The opening brief and excerpts of record in 20-55662 are due July 23, 2020. The answering brief in 20-55662 is due August 10, 2020. The optional reply brief in 20-55662 is due August 17, 2020. No streamlined extensions of time will be approved. *See* Ninth Circuit Rule 31-2.2(a)(1). No written motions for extensions of time under Ninth Circuit Rule 31-2.2(b) will be granted absent extraordinary and compelling circumstances.

CALLAHAN, Circuit Judge, concurring in part and dissenting in part:

I concur in the order insofar as it consolidates and expedites these two appeals, but I would grant the motion for a stay pending appeal. The district court's June 17, 2020 and June 19, 2020 orders (the "Bail Orders") are part and parcel of the Preliminary Injunction, which is stayed pending appeal in 20-55346. In issuing the Bail Orders, the district court is attempting to circumvent this court's previous order staying the Preliminary Injunction pending appeal.

In issuing the Preliminary Injunction, the district court concluded that Petitioners were likely to succeed on the merits of their claims, but this court stayed that determination when it stayed the Preliminary Injunction; whether the

district court's likelihood-of-success conclusion is correct is a question still pending this court's review. Now, the district court relies on that same likelihood-of-success determination in the Bail Orders. In doing so, the district court purports to decide issues that are currently pending in this court. *See Pyrodyne Corp. v. Pyrotronics Corp.*, 847 F.2d 1398, 1403 (9th Cir. 1988) (the district court cannot finally adjudicate substantial rights while they are pending appeal).

The Bail Orders re-impose a mass-release scheme after this court stayed the Preliminary Injunction's mass-release scheme pending appeal. The Bail Orders create a short-cut for the district court to grant petitioners the ultimate relief they seek: release. *See id.* I would not permit the district court to get through the back door what this court has already denied it through the front.

5